
FILED
MAY 04 2016
JULIE RICHARDS JOHNSTON, CLERK
US DISTRICT COURT, EDNC
BY_____ DEP CLK

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

Case No. 5:16-CV-155-FL

UBS FINANCIAL SERVICES INC.,
Plaintiff,

v.

ROBERT ZIMMERMAN,
Defendant.

## MOTION AND MEMORANDUM OF LAW TO DISMISS COMPLAINT BASED ON LACK OF SUBJECT MATTER AND/OR PERSONAL JURISDICTION

Plaintiff UBS Financial Services Inc. ("UBS Financial"), a long-standing member of the Financial Industry Regulatory Authority (FINRA), has asked this Honorable Court for a Preliminary Injunction to prevent Defendant Robert Zimmerman ("Zimmerman") from arbitrating a claim he has lodged against UBS Financial with FINRA. FINRA was authorized under the Securities Exchange Act of 1934 to resolve disputes between all firms engaged in the securities industry and small investors who typically cannot afford lengthy litigation in state or federal courts. FINRA is to broker/customer relations what the FDIC is to bank/customer relations.

With its Motion for a Preliminary Injunction, Plaintiff is engaged in flagrant and frivolous forum shopping. It does so because it fears the results of arbitration in the FINRA forum and seeks to bully a relatively defenseless adversary into submission by substituting a federal lawsuit, which it knows the Defendant cannot afford, for what is typically an inexpensive arbitration hearing.

1

The sole basis for Plaintiff' pursuit of a Preliminary Injunction to bar Zimmerman from arbitrating his dispute with Plaintiff is that Zimmerman was not a customer of the Plaintiff because Zimmerman purchased Plaintiffs' securities that are the subject of the FINRA dispute not directly from the Plaintiff, but from a firm Plaintiff uses to market its securities.

Over the years, FINRA has resolved thousands of disputes between FINRA's member firms and the public. Moreover, the Director of FINRA has already Denied Plaintiff UBS Financials' request to abstain from the arbitration of Zimmerman's claim. (See Exhibit A). FINRA has ruled that it considers Zimmerman to be a UBS Financial "customer," as that term of art is defined by FINRA Rule 12200.

In addition to its own staff call its employers' securities "crap and vomit", in its Prospectus and related documents Plaintiff UBS Financial calls its securities "products" (see Exhibit B), and whether or not Zimmerman purchased those products directly or indirectly from the Plaintiff, Defendant Zimmerman is just as much a customer of UBS Financial as he would be a customer of General Motors if he had bought a vehicle from one of its dealers or any other third party.

In addition to those jurisdictional issues this Court may raise, there are provided below several jurisdictional issues for this Honorable Court to consider when considering whether or not to Dismiss Plaintiff's pursuit of a Preliminary Injunction barring Defendant from arbitrating his dispute with UBS Financial in the FINRA forum.

2

1. A federal court always has the authority to determine whether it has the jurisdiction to hear a particular case. *United States v. Ruiz,* 536 U.S. 622m 628 (2002) (citing *United States v. Mine Workers of Am,* 330 U.S. 258,291 (1947). Moreover, it is presumed that a cause lies outside of the jurisdiction of the federal courts, and the burden of establishing the contrary rests with the party asserting jurisdiction. *Kokkonen v. Guardian Life Ins. Of Am.,* 511 U.S. 375, 377 (1994). See also Wright & Miller § 3522, pp. 103-05 "There is a presumption that a federal court lacks subject matter jurisdiction, and the party seeking to invoke federal jurisdiction must affirmatively allege the facts supporting it."

2. Plaintiff is invoking a preemptive federal defense as the basis of Plaintiff's Complaint. The declaratory-judgment seeking plaintiff should not be able to file a complaint that anticipates a federal defense of the coercive action. *Ne. Ill Reg'l Commuter R.R. Corp. v. Hoey Farina & Downes,* 212 F.3d 1010, 1014 (7th Cir. 2000). "If the plaintiff cannot get into federal court by anticipating what amounts to a federal offense to a state-law cause of action, he should also not be able to use the Declaratory Judgment Act to do so by asserting what is really a preemptive federal defense as the basis of his complaint." , it is well established that, in a declaratory judgment action, federal jurisdiction does not lie, 'if but for the availability of the declaratory judgment procedure, the federal claim would arise only as a defense to a state created action." *City of Rome, N.Y. v. Verizon Communications* 362 F.3d 168, 182 (2nd Cir. 2004) (quoting *Franchise Tax Bd,* 463 U.S.at 16.) See also, *Republican Party of Guam v. Gutierrez,* 277 F.3d 1086

(9th Cir. 2002) (discussing well-pleaded complaint rule and declaratory judgments.)

3. Federal jurisdiction is lacking because FINRA an unnamed party that is indispensable to the proceeding and its position on the issue in dispute must be considered. Rule 19(a) requires a court to join a party that is necessary to accord complete relief among the existing parties. Fed. R. Civ. P. 19(a)(1). Plaintiff has admitted that FINRA has Denied its request to abstain from arbitrating the Defendants' dispute with Plaintiff, and is thus a necessary party to Plaintiff's pursuit of relief form FINRAs' ruling.

4. As there is no amount in controversy in this Honorable Court, Plaintiff has failed to qualify for federal jurisdiction because the Defendant has offered to settle his dispute in the FINRA forum with Plaintiff for a sum less than the $75,000 required by 28 U.S.C. § 1332. Moreover, UBS Financial has entirely failed to raise a substantial issue of federal jurisdiction or any other substantial issue. UBS Financial has no substantial connection to North Carolina because it is not a North Carolina corporation and Zimmerman's dispute with UBS Financial was brought and is being managed by FINRA from its headquarters in New York City. Thus UBS Financials' efforts to bar the arbitration of Zimmerman's Claim are misconceived and misplaced. If UBS Financial truly seeks to bar arbitration of Zimmerman's Claim, it should seek an injunction against FINRA in New York and not against Zimmerman in North Carolina.

5. Plaintiff has, as yet, failed to serve its Summons and Complaint on the Defendant and has submitted zero proof of such service.

**WHEREFORE** Defendant requests this Honorable Court to Grant his Motion to Dismiss Plaintiff's Complaint, or should this Honorable Court decide to allow UBS Financial to pursue its Motion for a Preliminary Injunction barring Zimmerman from arbitrating his dispute with UBS Financial, then Zimmerman, a 75-year-old living on Social Security and modest savings, respectfully requests an extension of time of four months, the same amount of time UBS Financial has had to construct its Motion for a Preliminary Injunction, to answer the Complaint and, if this Honorable Court is so willing, for this Court to appoint Pro Bono counsel to represent the Defendant in this matter.

Respectfully submitted by: /s/ Robert Zimmerman

Dated: May 2, 2016

Robert Zimmerman, Pro Se
329 Sandpiper Lane
Hampstead, NC 28443
Tel: 910-232-8990
Email:

Case No. 5:16-CV-155-FL

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

Case No. 5:16-CV-155-FL

UBS FINANCIAL SERVICES INC.,
Plaintiff,

v.

ROBERT ZIMMERMAN,
Defendant.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY THAT ON THIS 2nd DAY OF May 2016,** a copy of the foregoing Motion and Memorandum of Law to Dismiss the Complaint of Plaintiff and Proposed Order, was mailed by First Class Mail to the following attorneys for the Plaintiff:

Rebecca Lindahl, 550 S. Tyron Street Suite 2900
Charlotte, NC 28202-4213

and

David Goldberg, 575 Madison Ave.
New York, NY 10022

Dated: May 2, 2016 by: _____

Robert Zimmerman, Pro Se
329 Sandpiper Lane
Hampstead, NC 28443
Tel: 910-232-8990
Email: BobZimmerman@usa.com

1