# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF NORTH CAROLINA
# WESTERN DIVISION

Case No. 5:16-CV-155-FL

UBS FINANCIAL SERVICES INC.,

    Plaintiff,

v.

ROBERT ZIMMERMAN,

    Defendant.

**MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS FOR LACK OF SUBJECT MATTER AND/OR PERSONAL JURISDICTION**

Plaintiff UBS Financial Services Inc. ("Plaintiff") respectfully submits this memorandum in opposition to a motion (the "Jurisdictional Motion") dated May 2, 2016, filed by defendant Robert Zimmerman ("Defendant"), seeking to dismiss Plaintiff's Complaint for lack of subject-matter jurisdiction and/or personal jurisdiction for the reasons set forth below.

## PRELIMINARY STATEMENT

The Jurisdictional Motion is without merit and should be denied in its entirety. This Court has diversity jurisdiction as there is complete diversity of citizenship and Defendant has demanded well in excess of $75,000.00 in monetary damages in the FINRA arbitration. Moreover, Defendant has been properly served in accordance with Fed. R. Civ. P. 4 and North Carolina law and Defendant has actual notice of these proceedings. *See* TRO Order at 8. Venue is appropriate under 28 U.S.C. § 1391(b) because Defendant resides in this judicial district and because the FINRA arbitration is set to be held in Raleigh, North Carolina. FINRA is not a necessary party to this action, because enjoining Defendant from pursuing the arbitration against Plaintiff will accord complete relief. Accordingly, the Court should deny the Jurisdictional Motion in its entirety.

## STANDARD OF REVIEW

In order to survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). On a motion to dismiss, the Court draws all reasonable factual inferences in favor of the Plaintiff. *Edwards v. City of Goldsboro*, 178 F.3d 231, 246 (4th Cir. 1999). A motion to dismiss "does not resolve contests surrounding facts, the merits of a claim, or the applicability of defenses." *Tobey v. Jones*, 706 F.3d 379, 387 (4th Cir. 2013).

1

**ARGUMENT**

**I. DEFENDANT'S JURISDICTIONAL DEFENSES ARE UNAVAILING.**

    **A. The Court has diversity jurisdiction because there is complete diversity and Defendant has demanded $823,650.00 in the Arbitration.**

The Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332(a) because the amount in controversy exceeds $75,000.00 and there is complete diversity of citizenship. UBS Financial is a Delaware corporation with a place of business in New Jersey. Complaint ¶ 11. Defendant is a resident of the State of North Carolina. *Id.* at ¶ 12. The Revised Statement of Claim demands $200,000.00 in alleged capital and dividend losses, plus $623,500.00 in other alleged damages, for a total damage claim of $823,650.00. *See* Goldberg Decl.[1] Exh. A.[2]

Venue is appropriate under 28 U.S.C. § 1391(b) because Defendant resides in this judicial district and because the FINRA arbitration is set to be held in Raleigh, North Carolina, and Defendant's challenges to venue (Jurisdictional Motion at 4) are misplaced. Accordingly, this Court has jurisdiction and proper venue over this action.[3]

---

[1] "Goldberg Decl." refers to the Declaration of David L. Goldberg in Opposition to Defendant's Motion to Dismiss and in Support of Plaintiff's Motion to Extend the TRO Dated May 20, 2016 and exhibits attached thereto.

[2] Defendant contends that he offered to settle his dispute "in the FINRA forum" for less than $75,000.00. *See* Jurisdictional Motion at 4. Without commenting on whether the parties engaged in confidential settlement discussions protected from disclosure under Fed. R. Evid. 408, any amounts involved in any such discussions would be irrelevant to the amount-in-controversy requirements set forth in 28 U.S.C. § 1332(a). *See, e.g, Saint Paul Mercury Indemn. Co. v. Red Cab Co.*, 303 U.S. 283, 288-89 (1938) (case satisfied amount in controversy requirement if complaint makes claim for amount above jurisdictional amount).

[3] Plaintiff premised jurisdiction on diversity grounds (*see* Complaint at ¶ 13) and has not invoked federal question jurisdiction as a basis for jurisdiction. Accordingly, Defendant's claim that Plaintiff is improperly invoking a preemptive federal defense as the basis of jurisdiction (*see* Jurisdictional Motion at 3) is misplaced, as none of the cases cited by Defendant have anything to do with the jurisdictional basis for this action.

### B. FINRA is not a necessary party to this action.

A party is necessary under Fed. R. Civ. P. 19(a) where "the court cannot accord complete relief among existing parties." FINRA's presence in this action is unnecessary to provide the requested relief, and Defendant's claims that FINRA is a necessary party to this action (Jurisdictional Motion at 4) is incorrect. Courts, including the Fourth Circuit, have long held that an arbitrator has no interest in the outcome of the dispute between the litigants and is not a necessary party to a challenge of that arbitrator's authority. *Tamari v. Conrad*, 552 F.2d 778, 781 (7th Cir. 1977); *Conner v. American Arbitration Ass'n*, 310 F. App'x 611, 612-13 (4th Cir. Feb. 6, 2009) (holding arbitrators are not necessary parties to challenges to arbitration). Defendant's claim that the Complaint should be dismissed because FINRA is a necessary party is unavailing.[4]

### C. Defendant was served the Summons and Complaint in accordance with the Federal and North Carolina Rules of Civil Procedure.

Defendant was served the Summons and Complaint on April 15, 2016 in accordance with Fed. R. Civ. P. 4(e)(1) and Rule 4(j) of the North Carolina Rules of Civil Procedure. Defendant's claim that he was not served and that Plaintiff "has submitted zero proof of such service" (Jurisdictional Motion at 4) is incorrect, as Plaintiff filed an Affidavit of Service with confirmations of delivery attached thereto. *See* Affidavit of Service, dated April 18, 2016, ECF

---

[4] Defendant's claim that FINRA ruled he was Plaintiff's customer (Jurisdictional Motion at 2) is also irrelevant to the Jurisdictional Motion and incorrect. First, "the question of whether the parties agreed to arbitrate is to be decided by the court, not the arbitrator." *AT&T Technologies, Inc. v. Communications Workers of America*, 475 U.S. 643, 649 (1986); *Hayes v. Delbert Services Corp.*, 811 F.3d 666, 671 (4th Cir. 2016). Second, FINRA made no such ruling. FINRA's Director declined to exercise his discretion and deny the use of the FINRA forum because he did not find that "the *subject matter* of the dispute was inappropriate." *See* Goldberg Decl. Ex. B (emphasis added). No determination of "customer" status was made. *Id.* Accordingly, the Jurisdictional Motion offers no basis for reconsideration of the TRO Order.

7. The Summons and Complaint were mailed using Federal Express, a designated delivery service authorized pursuant to 26 U.S.C. § 7502(f)(2), and delivered to Defendant at his home in North Carolina, and an additional address in New York. *Id.* Defendant indisputably has actual notice of these proceedings, and Plaintiff's method of service of a Summons and Complaint is sufficient under North Carolina law and therefore sufficient under Fed. R. Civ. P. 4(e)(1). *See Washington v. Cline*, 223 N.C. App. 412, 427, 761 S.E.2d 650, 660 (N.C. App. 2014) (finding service of summons and complaint by FedEx to home address sufficient). Accordingly, Defendant was properly served and his motion to dismiss on that ground is unavailing.

## **CONCLUSION**

For the aforementioned reasons, the Court should deny Defendant's Jurisdictional Motion.

Dated: May 20, 2016.              KATTEN MUCHIN ROSENMAN LLP

                                              /s/ Rebecca K. Lindahl

Rebecca K. Lindahl (NC Bar No. 35378)
550 South Tryon Street
Suite 2900
Charlotte, North Carolina 28202-4213
Phone: (704) 344-3141
Fax: (704) 444-2050
rebecca.lindahl@kattenlaw.com

and

David L. Goldberg (*admitted pro hac vice*)
Daniel M. Ketani (*admitted pro hac vice*)
575 Madison Avenue
New York, New York 10022
Phone: (212) 940-8800
Fax: (212) 940-8776
david.goldberg@kattenlaw.com
daniel.ketani@kattenlaw.com
*Attorneys for Plaintiff UBS Financial Services Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on May 20, 2016, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system and I hereby certify that I have mailed the document to the following non-CM/ECF participants:

>Mr. Robert Zimmerman
>329 Sand Piper Lane
>Hampstead, NC 28443

>Respectfully submitted,

>KATTEN MUCHIN ROSENMAN LLP

>/s/ Rebecca K. Lindahl _____

>Rebecca K. Lindahl (NC Bar No. 35378)
>550 South Tryon Street
>Suite 2900
>Charlotte, North Carolina 28202-4213
>Phone: (704) 344-3141
>Fax: (704) 444-2050
>rebecca.lindahl@kattenlaw.com

>and

>David L. Goldberg (*admitted pro hac vice*)
>Daniel M. Ketani (*admitted pro hac vice*)
>575 Madison Avenue
>New York, New York 10022
>Phone: (212) 940-8800
>Fax: (212) 940-8776
>david.goldberg@kattenlaw.com
>daniel.ketani@kattenlaw.com
>*Attorneys for Plaintiff UBS Financial Services Inc.*