IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:16-CV-155-FL

| | | |
|---|---|---|
| UBS FINANCIAL SERVICES, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| ROBERT ZIMMERMAN, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on defendant's motion for clarification, which sounds in part as a motion for reconsideration of the court's order granting plaintiff's motion for preliminary injunction. (DE 35). Imbedded within defendant's motion is a request to amend his answer and counterclaims. For the reasons that follow, all parts of defendant's motion are denied.

**COURT'S DISCUSSION**

A.      Motion for Reconsideration

Unless certified as final, "any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b). "[A] district court retains the power to reconsider and modify its interlocutory judgments, including partial summary judgments, at any time prior to final judgment when such is warranted." Am. Canoe Ass'n. v. Murphy Farms, Inc., 326 F.3d 505, 514–15 (4th Cir. 2003). "The power to reconsider or modify interlocutory rulings 'is committed to the discretion of the district court,' and

that discretion is not cabined by the 'heightened standards for reconsideration' governing final orders." Saint Annes Dev. Co. v. Trabich, 443 F. App'x 829, 832 (4th Cir. 2011) (quoting Am. Canoe, 326 F.3d at 514–15)); see also Fayetteville Investors v. Commercial Builders, Inc., 936 F.2d 1462, 1473 (4th Cir. 1991) (stating that interlocutory orders "are left within the plenary power of the Court that rendered them to afford such relief from them as justice requires").

"[D]octrines such as law of the case . . . have evolved as a means of guiding that discretion." Am. Canoe, 326 F.3d at 515 (citing Sejman v. Warner–Lambert Co., Inc., 845 F.2d 66, 69 (4th Cir. 1988)). According to the law of the case doctrine, "earlier decisions of a court become law of the case and must be followed unless '(1) a subsequent trial produces substantially different evidence, (2) controlling authority has since made a contrary decision of law applicable to the issue, or (3) the prior decision was clearly erroneous and would work manifest injustice.'" Am. Canoe, 326 F.3d at 515 (quoting Sejman, 845 F.2d at 69).

Defendant's motion suggests that the court's prior order was erroneous in several respects. However, defendant has not adequately demonstrated clear error. First, defendant contests the court's order insofar as it denied his motion to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(4) and 12(b)(5). However, defendant merely reiterates his previously rejected arguments. A motion for reconsideration is not an appropriate forum to relitigate issues previously decided. In any case, defendant's argument undercuts his motion to dismiss for improper service. Service must be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them the opportunity to present their objections." Mullane v. Cent. Hanover Bank & Trust Co., 339 U.S. 306, 314–15 (1950). Importantly, process is not meant to provide actual notice. Defendant admits that plaintiff complied with North Carolina's

statutes for serving process.  See, e.g., N.C. Gen. Stat. § 1A–1, N.C. R.  Civ.  P.  4(j)(1)(d).  More

importantly, defendant also admits that he has actual notice of this proceeding.  There is no basis

upon which to dismiss this suit under Rule 12(b)(4) or 12(b)(5).

Second, defendant contends that plaintiff's motion for preliminary injunction was

improvidently granted where the court observed that this case presented a "close question" on the

issue of whether or not defendant is plaintiff's "customer."  Defendant argues that "close questions"

should be submitted to a jury.  While that may be true for factual questions, construction of the term

"customer" is a legal question reserved for the court.  See Morgan Keegan & Co. v. Silverman, 706

F.3d 562, 567 (4th Cir. 2013) (construing term "customer" as a matter of law); see also Landry v.

New Amsterdam Cas. Co., 279 F.2d 214, 215 (5th Cir. 1960) ("It is the province of the court to

decide questions of law.").

Third, defendant argues that he had "numerous" contacts with plaintiff, above any beyond

merely paying plaintiff monthly fees in connection with his ownership of the CEFL security, and

that the court failed to weigh those connections appropriately in granting plaintiff's motion for

preliminary injunction.  Those connections include receiving financial or tax advice from plaintiff

through the CEFL "product supplement" and visiting plaintiff's website.  These connections were

irrelevant for purposes of the court's analysis on plaintiff's motion for preliminary injunction

because they do not involve the purchase of goods or services in the investment banking or securities

business. See Morgan Keegan, 706 F.3d at 567.

Fourth defendant disagrees with the court's characterization of the CEFL security as a "loan"

made by plaintiff to him.  Instead, defendant characterizes the CEFL security as a loan made by him

to plaintiff.  Accepting defendant's characterization of the CEFL security as true would undermine

3

completely defendant's opposition to plaintiff's motion for preliminary injunction. As the court previously has pointed out, "customer" status depends entirely on the customer's <u>purchase of goods or services</u>. Under defendant's theory, he would not have <u>purchased</u> leverage; the purchase of leverage is the only aspect of the customer relationship the court deemed a "close question."

<u>Fifth</u>, defendant submits that the court has failed to consider whether he is a "customer" of UBS AG or UBS Securities, LLC. That question, however, is not properly before the court. Defendant has not attempted to arbitrate any claim against those entities, only plaintiff.

<u>Sixth</u>, defendant relies heavily on 16 C.F.R. § 240.4, arguing that regulation provides the controlling definition of the term "customer." However, defendant ignores that Title 16 of the Code of Federal Regulations contains regulations promulgated by the Federal Trade Commission; defendant nowhere points a definition of "customer" contained in the relevant Title 17.

<u>Seventh</u>, defendant argues that the court should have given weight to the decision of FINRA's Director that FINRA "is an appropriate forum" for the resolution of the parties' underlying dispute. As the court explained in its order granting plaintiff's motion for preliminary injunction, FINRA's director does not have the power to determine whether an individual or entity is a FINRA member's "customer" within the meaning of the FINRA Rules.

<u>Eighth</u>, and finally, defendant argues that, under "ordinary principles of contract law," the fact he made a loan to plaintiff is sufficient to render him plaintiff's "customer." However, defendant's argument fails to address the language of the FINRA Rules and fails to address the reasonable expectations of the parties to that contract, FINRA and its members. Thus, it is without merit.

4

B.      Motion for Clarification

In any event, to the extent defendant's motion requests clarification of the court's earlier

order, that motion is denied.  The court's order speaks for itself.  Assuming all the points raised by

defendant to be ambiguous, erroneous, or in need of clarification, it is sufficient to conclude that any

error is harmless and any ambiguity inures to defendant's benefit.

C.      Motion to Amend

Defendant suggests he should be allowed to amend his answer and counterclaim to add other

parties as counterclaim defendants.  The court notes that defendant previously amended his

counterclaim on June 30, 2016. (DE 33).  Therefore, insofar as his suggested amendment is

duplicative of that earlier received filing, his suggestion of amendment is denied as moot.  Insofar

as defendant's suggested amendment exceeds the scope of his June 30, 2016, amendment, that

suggestion is DENIED WITHOUT PREJUDICE.  Local Civ. R. 7.2

## CONCLUSION

Based on the foregoing, the court DENIES defendant's motion for clarification (DE 35).

SO ORDERED, this the 25th day of July, 2016.


_____
LOUISE W. FLANAGAN
United States District Judge


5