IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:16-CV-155-FL

| UBS FINANCIAL SERVICES, INC., | ) | |
| UBS SECURITIES, LLC, UBS AG, | ) | |
| and UBS GROUP AG, | ) | |
| | ) | |
| Plaintiffs, | ) | ORDER |
| | ) | |
| v. | ) | |
| | ) | |
| ROBERT ZIMMERMAN, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on plaintiffs' motion for permanent injunction. (DE 75). Also pending before the court are plaintiffs' motion for pre-filing injunction (DE 66) and defendant's motion to dismiss. (DE 77). The issues raised are ripe for ruling. For the reasons that follow, the court grants plaintiffs' motion for permanent injunction and denies defendant's motion to dismiss. The court also denies as moot plaintiffs' motion for pre-filing injunction.

**STATEMENT OF THE CASE**

This case has a lengthy history that is summarized more fully in the court's prior orders. As pertinent here, defendant initiated an arbitration proceeding against plaintiff UBS Financial Services, LLC, ("UBS Financial") and Charles Schwab & Company ("Schwab"), before the Financial Industry Regulatory Authority ("FINRA") (the "FINRA arbitration") on January 6, 2016. On April 7, 2016, plaintiff UBS Financial initiated this action and moved for preliminary injunction, seeking to enjoin defendant from pursuing arbitration against it pursuant to the Federal Arbitration Act ("FAA"), 9 U.S.C. § 4. Defendant then filed a motion to dismiss, or in the alternative, motion to compel

arbitration. Pending resolution of plaintiff UBS Financial's motion, the court issued a temporary restraining order, which prohibited defendant from proceeding with the FINRA arbitration. Thereafter, defendant answered plaintiff UBS Financial's complaint, asserting several counterclaims against it

On June 17, 2016, the court held hearing on plaintiff UBS Financial's motion for preliminary injunction and defendant's motion to dismiss and compel arbitration. At hearing, the court granted plaintiff's motion and denied defendant's motion, which rulings were later memorialized by order dated June 21, 2016. On December 1, 2016, on motion by plaintiff UBS Financial, the court dismissed defendant's counterclaim, as amended.

On November 9, 2016, plaintiff UBS Financial filed a motion to enforce preliminary injunction, or in the alternative to enjoin defendant from pursuing FINRA arbitration against UBS Securities, LLC ("UBS Securities"), UBS AG and UBS Group AG ("UBS Group"). While its motion to enforce preliminary injunction was still pending, plaintiff UBS Financial, together with UBS Securities, UBS AG and UBS Group, filed the instant motion for pre-filing injunction. By order dated March 28, 2017, the court denied plaintiff UBS Financial's motion to enforce the court's prior preliminary injunction order, granted its alternative motion to expand the court's prior preliminary injunction, and added UBS Securities, UBS AG, and UBS Group as plaintiffs to the action. The March 28, 2017, order also denied defendant's various motions to strike.

On April 18, 2017, plaintiffs filed the instant motion for permanent injunction. Thereafter, defendant filed the instant motion to dismiss. Plaintiffs filed opposition to defendant's motion on May 19, 2017.

**STATEMENT OF FACTS**

The undisputed facts are summarized as follows. Plaintiffs are FINRA members. Plaintiff UBS Financial underwrote and issued an electronically traded note known as the "Monthly 2xLeveraged Exchange Traded Access Security," referred to by the parties by its call sign, "CEFL" (the "CEFL security"). (See Prod. Supplement, DE 31 at 1).[1] The CEFL security is a leveraged debt security which allows investors to experience twice the rate of return of a certain index. (Id. at 5–6). The leveraged aspect of the CEFL security is essentially a loan made by plaintiff to investors in the amount of the security's face value, or $25.00. (See id.). In exchange for the loan's benefits, investors pay monthly fees. (Id. at 6). To collect those fees, plaintiffs garnish them from the monthly distributions provided to investors, known as "coupons." (See id. at 23–24, 27, and 37).

Defendant purchased a number of shares of the CEFL security from Schwab. Defendant does not own an account with any plaintiff. After defendant purchased shares of the CEFL security, the security declined in value approximately 40%, from $25.00 to $15.00. As a result, defendant lost at least $85,000.00.

**DISCUSSION**

A.  Motion for Permanent Injunction

"A plaintiff seeking a permanent injunction must satisfy a four-factor test before a court may grant such relief. A plaintiff must demonstrate: (1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity

---

1.  According to plaintiff UBS Financial, the CEFL securities were issued by UBS AG and underwritten by UBS Securities. At hearing on plaintiff's motion for preliminary injunction, plaintiff UBS Financial acknowledged that it received financial benefit from CEFL security investments.

3

is warranted; and (4) that the public interest would not be disserved by a permanent injunction." Monsanto Co. v. Geertson Seed Farms, 561 U.S. 139, 156–57 (2010) (quoting eBay Inc., v. MercExchange, L.L.C., 547 U.S. 388, 391 (2006)); see also Christopher Phelps & Assocs. L.L.C. v. Galloway, 492 F.3d 532, 543 (4th Cir. 2007). Even if a plaintiff satisfies the four-factor test, the court retains "equitable discretion" whether to grant an injunction. Christopher Phelps & Assocs., 492 F.3d at 543. "An injunction is a drastic and extraordinary remedy, which should not be granted as a matter of course." Monsanto Co., 561 U.S. at 165 (citing Weinberger v. Romero-Barcelo, 456 U.S. 305, 311–12 (1982)). "An injunction should issue only where the intervention of a court of equity 'is essential in order effectually to protect property rights against injuries otherwise irremediable.'" Weinberger, 456 U.S. at 312 (quoting Cavanaugh v. Looney, 248 U.S. 453, 456 (1919)).

Any injunction must be narrowly tailored to the facts of the case. PBM Prods., LLC v. Mead Johnson & Co., 639 F.3d 111, 128 (4th Cir. 2011). An injunction is "narrowly tailored" when it is "no more burdensome to the defendant than necessary to provide complete relief to the plaintiff[]." Id. (citing Kentuckians for Commonwealth, Inc. v. Rivenburgh, 317 F.3d 425, 436 (4th Cir. 2006)).

Under circumstances presented here, injunction is appropriate. First, plaintiffs have demonstrated that they have suffered irreparable injury for which there is no adequate remedy at law. Specifically, plaintiffs are being forced to participate in arbitration, despite absence of an arbitration agreement or requirement under FINRA rules. This injury is irreparable because plaintiffs are being forced to expend resources they cannot later recover. See Morgan Keegan & Co. v. Louise Silverman Trust, No. 11-2533, 2012 WL 113400, *5 (D. Md. Jan. 12, 2012), aff'd sub nom., 706 F.3d 563 (4th Cir. 2013) (collecting cases) ("[T]he harm suffered by an [entity] who is

4

forced to arbitrate claims it did not agree to arbitrate is per se irreparable because it forces an individual to expend resources it cannot later recover."")); see also Merrill Lynch Inv. Managers v. Optibase, Ltd., 337 F.3d 125, 129 (2d Cir. 2003) (internal citations omitted) ("[A] [party] would be irreparably harmed by being forced to expend time and resources arbitrating an issue that is not arbitrable[.]"). Monetary damages are inadequate to compensate plaintiffs for this harm. See e.g., Merrill Lynch Inv. Managers, 337 F.3d at 129 (internal citations omitted).

Next, plaintiffs' injury outweighs whatever burden injunction may impose on defendant. Here, injunction only prevents defendant from pursuing a course of action which he has no legal right to pursue. See e.g., Raymond James Fin. Servs. Inc. v. Cary, 709 F.3d 382, 387 (4th Cir. 2013) ("[A] FINRA member that issued mutual funds [is] not required to arbitrate claims made by investors who purchased their mutual fund shares on the secondary market through a third-party brokerage firm rather than through or from the issuing FINRA member."); Morgan Keegan & Co., Inc. v. Silverman, 706 F.3d 562, 567–68 (4th Cir. 2013) (holding the same). By contrast, plaintiffs are being forced to expend resources defending arbitration they are not legally obligated to participate in. Because issuance of injunction would restore the rights of the parties, the balance of hardships favors plaintiffs.

Lastly, issuance of injunction serves the public interest. Allowing defendant to pursue arbitration against plaintiffs is in contravention of public policy. Although "arbitration is a favored mechanism of dispute resolution," the Fourth Circuit has recognized that "compel[ling] [a firm] to arbitrate when [it] has not agreed to do so would be to engage in naked coercion independent of any sound basis in law." Cary, 709 F.3d at 388. Under the present circumstances, allowing defendant to continue to pursue arbitration against plaintiffs would "undermine the longstanding principle that

5

arbitration is a consent-based process through which parties can decide for themselves where and how to resolve a specific set of potential disputes." Id. Accordingly, issuance of injunction does not disserve the public interest.

In sum, plaintiffs have satisfied the requirements necessary for injunction to enter. The harm to plaintiffs stemming from the FINRA arbitration is irreparable and not compensable by monetary damages. The balance of hardships favors plaintiffs and the public interest is served by prohibiting defendant from forcing plaintiffs to participate in arbitration, absent arbitration agreement or requirement by FINRA rules. The injunction sought also is narrowly tailored. Therefore, in light of the foregoing, the court exercises its discretion to enter permanent injunction in favor of plaintiffs.

B.  Motion for Pre-filing Injunction

Plaintiffs seek to enjoin defendant from "filing any . . . [m]otions to [s]trike or any other motions related to UBS's request for injunctive relief until this [c]ourt issues a ruling on UBS's pending [m]otion to [e]nforce [p]reliminary [i]njunction." (DE 66 at 5). Where, on March 28, 2017, the court granted plaintiff UBS's motion to enforce preliminary injunction and denied defendant's numerous motions to strike, the court denies plaintiffs' motion for pre-filing injunction as moot.

C.  Motion to Dismiss

Pursuant to Federal Rules of Civil Procedure 41 and 41(c), defendant moves to dismiss this action, "except for its ruling that [d]efendant may not arbitrate his claim against any UBS entity in the FINRA forum." (DE 77 at 2).

Rule 41(c) allows a claimant to dismiss a counterclaim, crossclaim, or third-party claim. In the present case, defendant filed a counterclaim on May 27, 2016, (DE 22), which he amended on

6

Case 5:16-cv-00155-FL   Document 79   Filed 07/11/17   Page 6 of 8

June 30, 2016. (DE 44). The court dismissed defendant's counterclaim without prejudice by order dated December 1, 2016. In light of this, the court denies defendant's motion to dismiss as moot.

To the extent defendant seeks to dismiss plaintiffs' claim for injunctive relief under other provisions of Rule 41, such motion is likewise denied. Dismissal under Rule 41 is not appropriate since defendant is not the plaintiff to this action. See Fed. R. Civ. P. 41(a). For these reasons, the court denies defendant's motion for voluntary dismissal.[2]

**CONCLUSION**

Based on the foregoing, the court GRANTS plaintiffs' motion for permanent injunction. (DE 75). Robert Zimmerman is hereby permanently ENJOINED proceeding against UBS Financial Services, Inc., UBS Securities, LLC, UBS AG, and/or UBS Group AG, in FINRA arbitration number 15-03460, Bob Zimmerman v. UBS Financial Services, Inc. and Charles Schwab & Company. Robert Zimmerman is likewise ENJOINED from initiating any new FINRA arbitration action against UBS Financial Services, Inc., UBS Securities, LLC, UBS AG, and/or UBS Group AG, as related to his purchase of the electronically traded note, "Monthly Pay 2xLeveraged Exchange Traded Access Security." Within 60 days of this order, Robert Zimmerman is DIRECTED to:

(a) transmit written communication to FINRA requesting dismissal of the FINRA arbitration against UBS Financial Services, Inc., UBS Securities, LLC, UBS AG, and/or UBS Group AG; and

(b) file with the Clerk of this Court and serve on plaintiffs UBS Financial Services, Inc., UBS Securities, LLC, UBS AG, and UBS Group AG a report in writing and under

---

2. By order dated June 21, 2016, the court denied defendant's prior motion to dismiss pursuant to Rule 12. (DE 32). Where defendant fails to assert a basis for reconsideration of the court's June 21, 2016, order, to the extent defendant's motion can be construed as a motion to dismiss under Rule 12, the court also denies such motion.

oath setting forth in detail the manner and form in which he has complied with this Permanent Injunction.

In addition, plaintiffs' motion for pre-filing injunction is DENIED AS MOOT. (DE 66). Defendant's motion to dismiss is also DENIED. (DE 77). With the disposition of these motions, the court has concluded all matters outstanding. The clerk is DIRECTED to close this case.

SO ORDERED, this the 11th day of July, 2017.

_____
LOUISE W. FLANAGAN
United States District Judge

8

Case 5:16-cv-00155-FL   Document 79   Filed 07/11/17   Page 8 of 8